IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. DERRICK HARRIS, a/k/a Derrick Harrison, | ) ) ) | |
| Petitioner, | ) ) | No. 13 C 0595 |
| v. | ) ) | Judge Robert W. Gettleman |
| MICHAEL LEMKE, Warden, Stateville Correctional Center, | ) ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Derrick Harris has filed a pro se petition for habeas corpus relief pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. For the reasons discussed below, the habeas petition is denied, and the court declines to issue a certificate of appealability.

## BACKGROUND

In 1998, following simultaneous trials in the Circuit Court of Cook County, Illinois, petitioner and three co-defendants were convicted of home invasion, armed robbery, aggravated criminal sexual assault, and aggravated kidnapping. The trial court sentenced each defendant to consecutive thirty-year prison terms for each offense, for a total of 120 years.

Petitioner appealed directly to the Illinois Appellate Court, contending that: (1) the trial court erred in denying petitioner's motion to suppress his confession; (2) the trial court erred in admitting DNA evidence that provided a partial match; and (3) the trial court abused its discretion in imposing the maximum allowable sentence. On June 13, 2000, the Illinois Appellate Court affirmed petitioner's conviction and sentence, and the court denied petitioner's petition for rehearing on July 19, 2000. Petitioner, along with two of his co-defendants, filed a

pro se petition for leave to appeal ("PLA") to the Illinois Supreme Court. In his PLA, petitioner argued that the appellate court erred in denying his petition for rehearing because his sentence is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000). The Illinois Supreme Court denied petitioner's PLA on October 26, 2000. Petitioner did not file a petition for writ of certiorari to the Supreme Court of the United States.

On December 14, 2000, petitioner filed a pro se post-conviction petition pursuant to 725 ILCS 5/122-1 et seq. in the Circuit Court of Cook County. In this petition, petitioner again raised the Apprendi claim. The trial court dismissed his petition. Petitioner appealed to the Illinois Appellate Court, which affirmed the trial court's dismissal on August 3, 2007. Petitioner did not file a PLA.

In December 2005, petitioner filed a second pro se post-conviction petition in the Circuit Court of Cook County, arguing that trial counsel was ineffective for denying him his right to testify and failing to inform him that he had a fundamental right to testify. The trial court dismissed the petition. Petitioner appealed to the Illinois Appellate Court, which reversed and remanded for further proceedings because the trial court erred in dismissing petitioner's petition *sua sponte* before the State filed a motion to dismiss. On remand, the trial court dismissed the claim again. In February 2012, the appellate court affirmed the dismissal because petitioner had not made a substantial showing of the constitutional violation of his right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). The appellate court further stated that to establish that he was denied his right to testify, petitioner must meet the requirements of Illinois law, which requires a defendant to reaffirm his intention to testify during the trial, and petitioner did not do so. People v. Thompkins, 641 N.E.2d 371, 384-85 (Ill. 1994).

Petitioner filed a PLA raising the ineffective assistance of counsel claim. The Illinois Supreme Court denied the PLA on May 30, 2012.

On January 24, 2013, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising three claims:

> A. The trial court erred in refusing to suppress petitioner's confession despite independent objective evidence supporting petitioner's contention that the confession was coerced.
>
> B. The trial court erred in admitting evidence of partial DNA matches to the petitioner without first holding a hearing pursuant to Frye v. United States, 293 F. 1013 (D.C. Cir. 1923), to determine the scientific reliability of such analysis.
>
> C. Petitioner was denied his right to effective assistance of counsel because his attorney denied him the right to testify and failed to inform him of his fundamental right to testify.

## LEGAL STANDARDS

**I. Procedural Default**

A petitioner must exhaust all state court remedies for federal habeas review to be appropriate. 28 U.S.C. § 2254(b)(1)(A); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); Stevens v. McBride, 489 F.3d 883, 894 (7th Cir. 2007) (failing to take a claim through one complete round of the appellate process results in procedural default). The purpose of requiring exhaustion is to give state courts a "full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." O'Sullivan, 526 U.S. at 845; see Harris v. McAdory, 334 F.3d 665, 668 (7th Cir. 2003) ("A petitioner must give the state court a meaningful opportunity to consider the substance of the claims later presented in federal court.").

3

In Illinois, this means that a petitioner must have appealed directly to the Illinois Appellate Court and presented the claim in a petition for leave to appeal to the Illinois Supreme Court. See O'Sullivan, 526 U.S. at 845. If the petitioner's claims are not exhausted in state court, they are procedurally defaulted and a federal court may not consider them on the merits. Id. at 848.

A federal court may excuse procedural default if the petitioner demonstrates either cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

**II. 28 U.S.C § 2254**

This petition is governed by the provisions of the AEDPA, see Lindh v. Murphy, 521 U.S. 320, 336 (1997), which allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2254(a). Thus, federal courts are not authorized to grant habeas relief based on errors of state law. Estelle v. McGuire, 502 U.S. 62, 68 (1991).

A petitioner for habeas relief must establish that the challenged state court decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The relevant state court decision to review is the decision of the last state court to rule on the merits of petitioner's claim. Charlton v. Davis, 439 F.3d 369, 374 (7th Cir. 2006).

4

A state court's decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from relevant Supreme Court precedent and arrives at a result opposite to" the Court. Williams v. Taylor, 529 U.S. 362, 404-406 (2000). A state court's decision involves an "unreasonable application" of clearly established federal law if: (1) the state court correctly identifies the governing legal principle from Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case; or (2) the state court unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. Id. at 407. A court reviewing a federal habeas petition "may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Jackson v. Frank, 348 F.3d 658, 662 (7th Cir. 2003). Rather, the court can issue the writ only if it concludes that the state court's application of federal law was "objectively unreasonable," not simply incorrect. Williams, 529 U.S. at 409-10. This is a difficult standard to meet because "unreasonable" means "something lying well outside the boundaries of permissible differences of opinion." McFowler v. Jaimet, 349 F.3d 436, 447 (7th Cir. 2003).

## ANALYSIS

I.   **Claims A and B**

Petitioner asserts that the trial court erred both by refusing to suppress his confession and admitting partial DNA matches into evidence. Petitioner raised both of these claims in the Illinois Appellate Court on direct appeal. Petitioner argues that he also raised these claims in his August 2000 PLA to the Illinois Supreme Court, thereby preserving his claims. Respondent argues that petitioner did not raise Claim A or B in his PLA, and therefore the claims are procedurally defaulted. Further, respondent states that petitioner did not acknowledge his procedural default or argue that either of the two exceptions that allows a defaulted claim to go forward applies here. Coleman, 501 U.S. at 750. In his reply, petitioner denies that Claims A and B are procedurally defaulted.

In his PLA, petitioner mentioned Claims A and B in his introductory Statement of Facts, stating that he was arguing that the trial court erred in denying his motion to suppress his confession and in admitting partial DNA evidence. Aside from that, the PLA focused entirely on petitioner's claim that his sentence violated Apprendi. In the Points Relied Upon for Reversal, Compelling Reason for Review by the Court, and Argument sections of his petition, petitioner asserted only his Apprendi claim. Petitioner must give the state court a full and fair opportunity to review his claims, and "a mere 'passing reference' to a constitutional issue certainly does not suffice" to give the state courts a meaningful chance to do so. Chambers v. McCaughtry, 264 F.3d 732, 737-38 (7th Cir. 2001) (quoting Fortini v. Murphy, 257 F.3d 39, 44 (1st Cir. 2001) (finding that petitioner failed to exhaust his claims although he had brought a similar claim in state court)). A petitioner fails to present his claim on direct appeal when "the only reference to

6

[the claim] appeared in one paragraph in the Statement of Facts of defendant's brief." U.S. ex rel. Spurlark v. Wolff, 699 F.2d 354, 355 (7th Cir. 1983) (noting that "the court, understandably, did not address the issue of [the claim]"). In Spurlark, the Seventh Circuit stated that "any ambiguity as to the basis of petitioner's claim was removed by the arguments presented, which dealt solely with [Claim 1] and never mentioned [Claim 2]." Consequently, Claim 2 was not raised on appeal. Id. at 357. Such is the case here. Upon reading the entirety of petitioner's PLA, it is clear that the sole basis of his claim was the alleged Apprendi violation; he did not make arguments to support Claims A and B. Therefore, petitioner's PLA gave the Illinois Supreme Court a meaningful opportunity to review only petitioner's Apprendi claim.[1]

Because petitioner merely mentioned Claims A and B in his PLA, he does not meet the requirements of O'Sullivan nor of 28 U.S.C. § 2254(b)(1)(A). Thus, the claims are procedurally defaulted, and the court is without jurisdiction to review Claims A and B.

## II. Claim C

Petitioner also contends that he received ineffective assistance of counsel because his attorney prevented him from testifying and did not inform him of his fundamental right to do so. Petitioner claims that the Illinois Appellate Court's decision denying his petition was contrary to the Supreme Court's decision in Rock v. Arkansas, 483 U.S. 44 (1987), which guarantees criminal defendants the right to testify on their own behalf, and an unreasonable application of the Supreme Court's precedent in Strickland v. Washington, 466 U.S. 668 (1984). Respondent

---

[1]Petitioner's Statement of Facts appears to be a verbatim copy of the Illinois Appellate Court's Background section in its June 2000 opinion affirming the dismissal of petitioner's direct appeal, which may explain why Claims A and B appear only in the Statement of Facts.

7

asserts that this claim fails under 28 U.S.C. § 2254(d) because the Illinois Appellate Court's decision was not "contrary to" federal law, and its decision was factually and legally reasonable.

Under established federal law, to assert an ineffective assistance of counsel claim, petitioner must show both (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. The standard to determine counsel's deficiency requires the petitioner to show that counsel's representation fell below an objective standard of reasonableness. Id. at 688. Regarding counsel's deficiency, the Illinois Appellate Court applied Illinois law to analyze petitioner's claim that he was denied his right to testify, which requires that petitioner tell his counsel he wishes to testify and reaffirm his intention when the defense is presenting its case. People v. Thompkins, 641 N.E.2d 371, 385 (Ill. 1994). Petitioner asserts that Thompkins creates an arbitrary state rule that is contrary to the Supreme Court's decision in Rock, which states that a defendant has the right to testify in his own defense. However, petitioner is required to provide evidence that he wished to testify at trial; a "barebones assertion" is not enough. Thompson v. Battaglia, 458 F.3d 614, 619 (7th Cir. 2006).

The Supreme Court has not established a clear standard for courts to use in determining what evidence a petitioner must present to bring a claim that he was denied his right to testify. Id. The Seventh Circuit has concluded that the Illinois law therefore is not contrary to federal law. Id. (noting that Illinois and other circuits follow the rule requiring petitioner to affirm his intention to testify, and if petitioner does not act in accordance with the rule, his right to testify claim fails). In the instant case, because petitioner did not provide evidence of his intention to testify, there is a presumption that he agreed with counsel's strategy, and therefore, petitioner

8

cannot use this argument to assert that counsel was deficient. Thompkins, 641 N.E.2d at 385. Because this failed argument is the basis of petitioner's ineffective assistance of counsel claim, the appellate court did not unreasonably apply the first prong of Strickland when it determined that petitioner's claim that his counsel's performance was deficient failed to satisfy Strickland. Turning to the second prong of Strickland, petitioner's claim also fails because the Illinois Appellate Court was not unreasonable in its decision that petitioner did not establish prejudice. In order to establish prejudice, petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Petitioner asserts that if he had been able to testify, he would have asserted a compulsion defense, which would have affected the outcome of the trial. The Illinois Appellate Court concluded that petitioner was unable to establish prejudice because the evidence of his guilt was overwhelming, and the compulsion defense would not have made a difference. See People v. Hernandez, 813 N.E.2d 994, 1003 (Ill. App. 2004) (agreeing with the State's argument that defendant did not show prejudice because the evidence of his guilt was overwhelming, including that all victims identified the defendant). Petitioner's compulsion claim rings hollow because he admitted that he voluntarily drove around with his co-defendants and smoked marijuana knowing his co-defendants were armed. Additionally, the two victims identified petitioner as an intruder, and the sexual assault victim testified that she was raped by petitioner. There was also DNA from semen on the sexual assault victim's shirt that matched petitioner. Further, petitioner confessed to the police. Given the amount of evidence against petitioner, the appellate court's decision that petitioner was not prejudiced was not an unreasonable application of Strickland.

Because petitioner fails to establish either prong of the Strickland test, the Illinois Appellate Court reasonably applied the test, and Claim C fails under 28 U.S.C. § 2254(d).

III.     **Certificate of Appealability**

A habeas petitioner is entitled to a certificate of appealability only if he has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To make that showing, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter to agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the court has rejected the constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. Id. at 484-85. When "the court has denied a habeas petition on procedural grounds without reaching the petition's underlying constitutional claims . . . a petitioner must also show that jurists could debate whether the court's procedural ruling was correct." Id.

Here, this court concludes that: (1) petitioner procedurally defaulted on Claim A, that the trial court erred in refusing to suppress his confession, and Claim B, that the trial court erred in admitting partial DNA matches into evidence; and (2) the Illinois Appellate Court's decision that petitioner's counsel's performance was not ineffective was not contrary to nor an unreasonable application of established federal law. The petitioner has not shown that reasonable jurists could debate these conclusions. The court therefore declines to issue a certificate of appealability on any of petitioner's claims.

**CONCLUSION**

For the reasons discussed above, the petition for a writ of habeas corpus is denied. The court declines to issue a certificate of appealability.

**ENTER:   August 6, 2014**

_____
**Robert W. Gettleman
United States District Judge**